UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sheila Hill, *et al.*,

    Plaintiffs,

v.                                                        Case No. 18-12274

Kramer-Triad Management          Sean F. Cox
Group, LLC, *et al.*,                    United States District Court Judge

    Defendants.
_____/

## ORDER
## DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
## OVER STATE-LAW CLAIMS

On July 20, 2018, Plaintiff filed this action, asserting eight separate claims against Defendants. Plaintiffs filed the action in federal court based upon federal-question jurisdiction over four federal claims and ask the Court to exercise supplemental jurisdiction over four state-law claims. (*See* Compl. at ¶¶ 3-4).

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of State law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

This Court concludes that the state-law claims predominate over the federal claims in this action and may raise novel issues of state law. In addition, the Court finds that the potential for

jury confusion in this case would be great if Plaintiffs' federal claims were presented to a jury along with Plaintiffs' state-law claims. Thus, the potential for jury confusion is yet another reason for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over the state-law claims asserted in this action. **IT IS ORDERED** that Plaintiffs' state-law claims (Denial of Housing in violation of Michigan's Persons with Disabilities Civil Rights Act, Denial of Housing in violation of the Elliot-Larsen Civil Rights Act, Negligence, and claim under the Michigan Condominium Act) are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: January 29, 2019
s/ Sean F. Cox
Sean F. Cox
U. S. District Judge