UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sheila Hill, *et al.*,

    Plaintiffs,

v.                                                             Case No. 18-12274

Kramer-Triad Management                  Sean F. Cox
Group, LLC, *et al.*,                              United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER
DENYING MOTION TO DISMISS FILED BY DEFENDANT COVES
AT BRADBURY PARK CONDOMINIUM ASSOCIATION**

Plaintiffs are an African American couple that resides in a condominium complex in Flat Rock, Michigan. In 2012, after Jerome Hill allegedly fell into a trench, and their condominium sustained damage from excavation work at adjoining lots, the couple filed suit against multiple Defendants in state court, including the condominium association. That 2012 case was settled and the claims were dismissed with prejudice. The couple continued living at their condominium after the settlement and, in 2018, filed this action asserting claims against the association and its current property management company. The matter is before the Court on a Motion to Dismiss filed by the association, that asserts that the claims against it are barred by res judicata and/or collateral estoppel, by virtue of the first action. The motion has been fully briefed and the Court heard oral argument on January 17, 2019. As explained below, the affirmative defense of res judicata is only appropriate for dismissal under Rule 12(b)(6) when the defense's existence can be judged on the face of the complaint. This is not such a case and,

1

therefore, the Court shall DENY the pending motion, because these issues are more appropriately decided in connection with a motion for summary judgment following discovery.

## BACKGROUND

On July 20, 2018, Plaintiffs Sheila and Jerome Hill ("Plaintiffs") filed this action against: 1) Defendant Kramer-Triad Management Group, LLC, a Michigan Limited Liability Company ("Kramer-Triad"); and 2) Coves at Bradbury Park Condominium Association, a Michigan domestic non-profit corporation.

Plaintiffs are an African American couple who own a condominium that is part of the Coves at Bradbury Park Condominium Association ("the Association") in Flat Rock, Michigan. (First Am. Compl. at ¶ 1). They moved into their condominium in June of 2010. (*Id*. at ¶ 12).

Defendant Kramer-Triad is alleged to be the current agent of the Association "for the purposes of, *inter alia* collecting association fees, providing services and facilities described by the bylaws, and administering the communication of notices and imposition of fines on homeowners." (*Id*. at ¶ 15).

### Plaintiffs' 2012 State-Court Case

In 2012, Plaintiffs, on their own behalf and on behalf of their minor children, filed suit against the Association and others, in Wayne County Circuit Court ("the State-Court Action"). (*See* First Amended Complaint in the State-Court Action, attached to Def.'s Motion as Ex. A). In that action, Plaintiffs alleged that when they moved into their condominium, construction was underway as to basements on the lots to the east and west of their property. The State-Court Action was filed after Jerome Hill allegedly fell into a trench on the property to the east of their condominium, sustaining physical injuries. They also alleged that their condominium sustained

damage due to the work being done on the construction site. They alleged that the basement work caused damage to their air conditioning unit, caused soil erosion, flooding, and damage to their basement walls.

In addition to the Association, the defendants in the State-Court Action included: 1) Seville Homes, Inc., 2) Lyle Trucking & Excavating, Inc.; 3) K & S Management Co. Inc., and 4) two Flat Rock, Michigan officials. At that time, K & S Management, and not Kramer-Triad, was the management company.

The following claims were asserted against the Association in the State-Court Action filed in 2012: Negligence, Gross Negligence, Intentional Infliction of Emotional Distress, Trespass, Nuisance, and Premises Liability. (First Am. Compl. in State-Court Action, Def.'s Ex. A).

The State-Court Action was ultimately settled and a "Stipulation for Dismissal" and "Order of Dismissal" was entered in the action on July 23, 2013. (Def.'s Ex. C). The Order of Dismissal provided that the case was "dismissed against all Defendants, with prejudice and without costs, and shall include all claims and causes of action which could have and/or should have been brought pursuant to MCR 2.203." (*Id*.).

**This Second Action**

On July 20, 2018, Plaintiffs filed this action in federal court against the Association and what appears to be its current property management company, Kramer-Triad.

On September 14, 2018, Defendant Coves filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 12).

Thereafter, on October 1, 2018, Plaintiffs' filed a First Amended Complaint against

3

Kramer-Triad and Coves, that changed and/or added some factual allegations. It did not add any parties or claims. As an overview, the First Amended Complaint alleges:

1. Sheila and Jerome Hill ("Hills") are an African American couple who own a home that is part of the Coves at Bradbury Park Condominium Association ("Coves") in Flat Rock, Wayne County, Michigan.

2. The condominium association and its management agent have violated Federal and State civil rights laws by denying the Hills permission to install a banister to their porch stairs—a reasonable accommodation for Jerome Hill, who uses a cane or walker—and by denying them because of their race equal services and facilities to which all members of the condominium association are entitled.

3. This unequal treatment includes exclusion from the condominium association's governance, failure to properly clear their driveway from winter snow and ice, failure to maintain the lawns and gardens adjacent to their property to the same level that the White neighbors enjoy, and failure to address the Hills' requests for maintenance to the structures adjacent to their home. The condominium association and its management association also routinely harass the Hills by sending them unsupported lien notices and assessing fines on them for infractions without providing any explanation or justification.

4. The Hills have suffered extensive damage to their home through the condominium association and its management agent's negligence. Specifically, the Coves and its management agent have persistently ignored Hills' requests for mitigation and repairs resulting from seepage through broken water pipes adjacent to their home's foundation, which is a common element, not the Hills' property.

(First Am. Compl. at 1-2).

The action was filed in federal court based upon federal-question jurisdiction over four federal claims. Plaintiffs also asked this Court to exercise supplemental jurisdiction over four state-law claims, but this Court declined to do so and the state-law claims were dismissed without prejudice.

Accordingly, at this juncture, only the four federal claims remain in this action:

4

1) "Denial of Housing to a Person with a 'Handicap' in Violation of the Fair Housing Act, 42 U.S.C. § 3604(f)"; 2) "Discrimination in the Terms, Conditions, and Privileges in the Provision of Facilities and Services in Connection with Housing on the Basis of Race, in Violation of the Fair Housing Act, 42 U.S.C. § 3606(b)"; 3)"Interference with Plaintiffs' Equal Rights to Hold Real Property in Violation of 42 U.S.C. § 1982"; and 4) "Interference with Plaintiffs' Equal Rights to the Benefits and Privileges of their Condominium Contract, in Violation of 42 U.S.C. § 1981."

Plaintiffs' First Amended Complaint includes factual allegations regarding multiple alleged actions or omissions by Defendants (e.g., failing to respond to a request for a banister, failing to maintain, taking actions to harass them regarding dues, payments, late fees, and fines, failing to provide Plaintiffs with the same ice/snow removal services and the same gardening/lawncare services provided to white owners, and denying requests for repairs and improvements). As to most of those alleged actions, the complaint *does not* include allegations as to when the conduct first occurred.

After Plaintiffs filed their First Amended Complaint, the Association filed a new Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 19). Thus, the old motion (ECF No. 12) is moot as this replaced it.

This Court has not yet held a Scheduling Conference in this action, so there is no scheduling order that has been issued.

**Standard of Decision**

The Association brought this motion under Fed. R. Civ. P. 12(b)(6), which provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be

granted. The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true. *DirectTV, Inc. v. Treesh*, 487 F3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims therein." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**ANALYSIS**

The Association, which was a Defendant in the state-court action, makes two arguments in its pending motion: 1) that this entire action against the Association should be dismissed as barred by the doctrine of res judicata because the "underlying transactions giving rise to the complaint all occurred on or before 2012 and were or could have been alleged in the first lawsuit," and 2) if the Court does not accept that argument, then the Court should find that Plaintiffs are precluded from "alleging any issues arising out of failure to maintain and subsequent damage to Plaintiffs' unit." (Def.'s Br. at 10 and 14).

Federal courts have observed that res judicata is an affirmative defense that is typically inappropriate for a ruling in connection with a motion filed under Fed. R. Civ. P. 12(b)(6). *See,*

*e.g., Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993); *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977); *Concordia v. Bendekovic,* 693 F.2d 1073, 1075 (11th Cir. 1982); *Shafi v. Weidinger*, 2011 WL 6338864 at * 4-5 (E.D. Mich. 2011). In *Richmond*, the Fourth Circuit explained:

> As further grounds for dismissing RF & P's complaint, the Defendants strenuously argued that RF & P's claims were barred by the doctrines of collateral estoppel and res judicata.
> . . . .
> Defendants face a procedural stumbling block to asserting these affirmative defenses. A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses. In the *limited circumstances* where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)6), but *only if it clearly appears on the face of the complaint.*

*Richmond,* 4 F.3d at 250 (emphasis added); *see also Moch*, 548 F.2d at 596 n.3 ("Generally a party cannot base a 12(b)(6) motion on res judicata."). In other words, the affirmative defense of res judicata is only appropriate for dismissal under Rule 12(b)(6) when the "defense's existence can be judged on the face of the complaint." *Concordia,* 693 F.2d at 1075.

In some instances, that may be appropriate. But in many instances the existence of the defense's existence cannot be determined based solely upon the allegations in the complaint, or an examination of the complaint in the first case. In such instances, the defenses of collateral estoppel and res judicata "are more properly reserved for consideration on a motion for summary judgment." *Richmond*, 4 F.3d at 250. The Court concludes that is the case here.

I. **The Association Has Not Established That All Claims Asserted Against The Association In This Action Are Barred By Res Judicata Because The Alleged Underlying Events** *All* **Occurred Before 2012 Or Could Have Been Alleged In The 2012 State-Court Action.**

The Association's motion asserts that "[p]ursuant to the doctrine of res judicata and/or

7

collateral estoppel, the First Lawsuit precludes Plaintiffs from asserting *the instant claim*."
(Def.'s Br. at 10) (emphasis added). But the motion does not specify which of the various claims it believes is barred by the State-Court Action.

Rather, it first takes the position that, as to the Association, the "entire complaint" is barred by res judicata because the underlying events giving rise to it "*all* occurred on or Before 2012 and were or could have been alleged" in the State-Court Action. (Def.'s Br. at 10) (emphasis added). The Association's motion, however, does not address *all* of the various underlying events, nor does it identify factual allegations in the First Amended Complaint as to *when they* occurred. It then asserts that "the *primary* claims/damages all arose prior to the First Lawsuit." (*Id*. at 12) (emphasis added). The Association asserts that the transaction or occurrence which the State-Court Action was based on can be "summarized as damage to Plaintiffs Unit and consequently personal injury to Plaintiff, Jerome Hill." (*Id*. at 13).

Both Plaintiffs and the Association appear to agree that to the extent that any events occurred *after* the State-Court Action was settled, claims based on *those events* are not barred. (*See* Def.'s Br. at 12; Pls.' Br. at 13). In opposing the pending motion, Plaintiffs assert that the "present lawsuit only involves acts and omissions by Defendant Coves in the last few years, which are well after the prior lawsuit was settled." (*Id*. at 5). The Association cannot establish otherwise, based on the allegations in the First Amended Complaint.

Accordingly, the Court cannot rule that the claims against the Association are barred by res judicata or collateral estoppel in connection with this motion under Fed. R. Civ. P. 12(b)(6). It may be that some portions of claims, or some specific damage elements, are barred by those doctrines, but those issues are more properly reserved for a motion for summary judgment after

discovery.

II.  **The Association Has Not Established That Collateral Estoppel Precludes Plaintiffs From Alleging Any Issues Arising Out Of Failure To Maintain And Subsequent Damage To Plaintiffs' Condominium.**

In the alternative, the Association asserts that even if the Court finds that all counts against it are not barred, it should still rule that collateral estoppel precludes Plaintiffs from alleging any issues arising out of an alleged failure to maintain and subsequent damage to Plaintiffs' condominium. (Def.'s Br. at 14) (Arguing "the doctrine of collateral estoppel will preclude Plaintiffs from alleging any damages or claims arising out of damage to Plaintiffs' Unit.").

This argument can be disposed of rather quickly, based on the same general concept. If Plaintiffs' claims are based upon alleged maintenance failures that occurred *after* the State-Court Action was settled, then they do not appear to be barred by the doctrine of collateral estoppel. Otherwise, the Association could settle a claim in a first action for damages related to broken windows and then that would preclude a subsequent lawsuit, years later, for an alleged failure to maintain the roof, just because the condominium happens to still be owned by the same Plaintiffs.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Defendant's Motion to Dismiss IS DENIED.

IT IS SO ORDERED.

Dated: January 29, 2019                                        s/ Sean F. Cox
                                                                                     Sean F. Cox
                                                                                     U. S. District Judge